Hearing Date: January 28, 2010
Hearing Time: 1:00 p.m.
Location: Bangor
Objections Due: January 28, 2010 at 12:00 p.m.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 11 |
| TARDY-CONNORS GROUP, LLC, | ) | |
| | ) | Case No.: 10-10060 |
| DEBTOR. | ) | |

### MOTION FOR INTERIM AND FINAL AUTHORITY TO OBTAIN UNSECURED CREDIT NOT IN THE ORDINARY COURSE OF BUSINESS

NOW COMES Tardy-Connors Group, LLC, as debtor and debtor in possession (the "Debtor"), and, pursuant to United States Bankruptcy Code §§364 and 503, Federal Rules of Bankruptcy Procedure 4001 and 9014, and D.Me. LBR 9013-1, moves this Honorable Court for authority to obtain unsecured credit from certain insiders to fund certain necessary expenses. In support thereof, the Debtor states as follows:

#### JURISDICTION AND VENUE

1. The Debtor filed an original petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Code") on January 21, 2010 (the "Filing Date").

2. This Court has jurisdiction over the Debtor's Chapter 11 case pursuant to 28 U.S.C. §1334(a). This is a core proceeding in which the Court can enter a final order pursuant to 28 U.S.C. §157. Venue for the Debtor's Chapter 11 case is properly in this district pursuant to 28 U.S.C. §1408.

#### BACKGROUND

3. Prior to the Filing Date, the Debtor did business as Moosehead Furniture. The Debtor manufactured and sold furniture at retail and wholesale.

4. However, market and financial factors forced the Debtor to discontinue business operations in late 2009. The Debtor ceased operations at its plant in Monson, Maine in October of 2009.

5. Prior to, and since that time, the principals of the Debtor have actively sought new investors and/or potential purchasers for the business.

6. Prior to the Filing Date, Machias Savings Bank ("Machias"), which claims a pre-petition, first priority security interest in substantially all of the Debtor's assets, had accelerated the Debtor's loans and commenced enforcement action.

7. In fact, a liquidation auction was scheduled on the morning of the Filing Date, pursuant to which substantially all of the assets were to be sold to the highest bidder.

8. This case was filed on an emergency basis to prevent the piecemeal liquidation of the Debtor's business assets and to allow additional time for certain alternatives to a complete liquidation to develop.

9. However, as at the Filing Date, the Debtor had no unencumbered cash in the bank and no prospects for obtaining additional credit from its existing secured lenders.

## PROPOSED EXPENDITURES

10. Prior to the Filing Date, the Debtor's insurance policies expired and/or were cancelled.

11. Machias has forced placed casualty insurance coverage on the Debtor's tangible real and personal property assets.

12. Machias has agreed to carry the Debtor's tangible real and personal property assets on its insurance policy for a limited period of time, provided that Machias is prepaid for

the monthly insurance premiums attributable to such coverage from sources other than Machias' own collateral, including cash collateral.

13. The Debtor has, since the Filing Date, worked diligently to obtain price quotes for its own casualty and liability insurance. However, after comparing a number of different companies and options, the Debtor determined that procuring its own casualty insurance would be, in the short term, cost prohibitive.

14. The Debtor has procured a reasonable price quote for liability insurance, which includes products liability coverage from and after the effective date.

15. However, as set forth above, the Debtor has no unencumbered cash funds from which to pay the premiums for these policies.

## PROPOSED BORROWING/BRIEF SUMMARY OF TERMS

16. Joshua Tardy, Dana Connors and Edward Skovron, principals of the Debtor, have agreed to loan the Debtor money to fund the expenses set forth on the attached Exhibit A. Such loan will be on an unsecured basis and be evidenced by a debt instrument in substantially similar form to Exhibit B attached hereto. The total amount to be borrowed pursuant to such debt instrument is $10,000.00. Interest will accrue on the outstanding principal balance at the rate of two percent per annum. The loan will not be payable until the earlier to occur of (a) a conversion of this case to Chapter 7, (b) confirmation of a plan, (c) dismissal of this case, or (d) two years from the date of execution of the debt instrument. The proposed lenders do not seek a priming lien to secure such loan and, as set forth below, the proposed loan transaction does not include waivers of any claims by the Debtor. Messrs. Tardy, Connors and Skovron, will, however, be entitled to an administrative expense claim pursuant to 11 U.S.C. 503(b) by virtue of providing the funds to pay these expenses.

17. Messrs. Tardy, Connors and Skovron have agreed that their administrative expense claim shall be subject to (a) any and all professional fees approved by the Court in this matter, and (b) statutory fees due and owing to the United States Trustee's Office.

## AUTHORITY FOR REQUEST

18. Pursuant to 11 U.S.C. 364(b), the Court may authorize the Debtor to obtain unsecured credit or incur unsecured debt other than in the ordinary course of business after notice and a hearing. 11 U.S.C. 364(b).

19. Here, even though the proposed borrowing is on an unsecured basis allowable under §503(b)(1) only and even though insurance premiums would generally be considered ordinary business expenses, the Debtor seeks approval of the proposed transaction because it is not currently operating. Therefore, arguably, no expenditures by the Debtor would be considered expenditures in the ordinary course by the Debtor at this time.

## INFORMATION REQUIRED BY FED.R.BANKR.P. 4001(c)

20. The information required by Fed.R.Bankr.P. 4001(c) is as follows:

   a. the proposed lenders will have an administrative expense claim under §503(b), subject to professional fees and statutory fees owed to UST, no lien is being proposed to secure the loan;

   b. paying the insurance premiums with the proceeds of the loan will provide adequate protection to any and all creditors claiming a security interest in the Debtor's assets; the Motion does not propose cash adequate protection payments to any party, except prepayment of actual insurance premium costs to Machias;

   c. the proposed loan documents do not contain any language relating to the determination of validity, enforceability or priority of claims;

d. the proposed loan documents do not contain any waivers with respect to the automatic stay;

e. the proposed loan documents do not contain any waiver or modification of the rights of any party to file a plan, seek an extension of exclusivity or to request the use of cash collateral or seek authority to obtain further credit;

f. the proposed loan documents do not contain any language imposing a deadline to file a plan of reorganization;

g. the proposed loan documents do not contain any language waiving or modifying applicable nonbankruptcy law relating to lien perfection or foreclosure;

h. the proposed loan documents do not contain any release of claims by the Debtor or the Debtor's estate;

i. the proposed loan documents do not provide for indemnification of any entity;

j. the proposed loan documents do not contain any provision relating to waiver of surcharge rights under §506(c); and

l. the proposed loan documents do not contain any provision purporting to grant a lien on avoidance actions.

Dated at Portland, Maine this 26th day of January, 2010.

          _____/s/Joshua R. Dow_____
          Joshua R. Dow
          Pearce & Dow, LLC
          Counsel to Tardy-Connors Group, LLC
          PO Box 108
          Portland, Maine 04112-0108
          (207) 822-9900
          jdow@pearcedow.com

**EXHIBIT A to BORROWING MOTION**

Reimbursement – Machias Savings – Casualty Insurance

    Monthly Premium - $1,708.33 for three months               $5,125.00
    (initial payment of two months, option to pay a third month)

Insurance Premiums – Liability Insurance                       $3,500.00

Charges for Establishing DIP Bank Accounts/Printing Checks       $ 100.00
    (exact amount TBD)

Additional Availability – Operational Costs (TBD)                $1,275.00

    TOTAL:                                                       $10,000.00

**AMOUNT NECESSARY TO AVOID IMMEDIATE HARM TO THE ESTATE**

    Casualty Insurance – Machias (two month prepayment):         $3,416.67

    Liability Insurance – initial payment                       $3,500.00

    DIP bank account/check printing charges                 $ 100.00

    TOTAL:                                                       $7,016.67