UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

IN RE:                              )
                                    )   Chapter 11
TARDY-CONNORS GROUP, LLC,           )
                                    )   Case No.:  10-10060
        DEBTOR.                     )

# INTERIM ORDER ON MOTION FOR AUTHORITY TO OBTAIN UNSECURED CREDIT NOT IN THE ORDINARY COURSE OF BUSINESS

THIS MATTER having come before the Court on the Motion for Authority to Obtain Unsecured Credit Not in the Ordinary Course of Business (the "Motion") filed by Tardy-Connors Group, LLC (the "Debtor"), after notice and a hearing, the Court finds as follows:

(a) the Debtor filed the above-captioned case on January 21, 2010 (the "Filing Date"); and

(b) the Debtor filed the Motion seeking to incur credit allowable solely as an unsecured, administrative expense claim pursuant to 11 U.S.C. 364 and 503(b); and

(c) the Court conducted an emergency, interim hearing on the Motion on January 28, 2010; and

(d) notice of the hearing on the Motion was given by the Debtor as set forth in the Certificate of Service filed with the Motion and the Motion for Emergency Hearing on same, and such notice was sufficient and appropriate notice of the hearing on the Motion under the circumstances; and

(e) prior to the Filing Date, the Debtor had suspended business operations; and

(f) on the Filing Date, the Debtor had no unencumbered cash available with which to pay expenses; and

(g) an immediate need exists for the Debtor to obtain financing in order to pay certain insurance and other expenses so as to avoid immediate and irreparable harm to the estate, to preserve the value of its business and its assets and comply with the requirements of the United States Bankruptcy Code; and

(h) certain principals of the Debtor are willing to make an unsecured loan to the Debtor in exchange for only an administrative expense claim under 11 U.S.C. 503(b)(1); and

(i) the Debtor filed the Motion pursuant to 11 U.S.C. 364(b); and

(j) good cause exists for entry of this Interim Order authorizing the Debtor to enter into the loan transaction described in the Motion in order to make the limited expenditures described herein; and

(k) the lenders have entered into the loan transaction in good faith.

**ACCORDINGLY, IT IS HEREBY ORDERED** as follows:

1. The Motion is hereby GRANTED on an interim basis on the terms and conditions set forth herein.

2. The Debtor is authorized to execute and deliver the debt instrument evidencing the borrowing, in substantially similar form to Exhibit B filed with the Motion.

3. The lenders shall not be granted a lien to secure the indebtedness described in the Motion, but shall have an unsecured administrative claim against the Debtor's estate pursuant to 11 U.S.C. 503(b).

4. The administrative expense claim of the lenders shall be subject to (a) any and all professional fees approved by the Court in this matter, and (b) statutory fees due and owing to the United States Trustee's Office.

5. On an interim basis, the Debtor is authorized to draw down proceeds of the loan to pay (a) necessary premiums to Machias Savings Bank for prepayment of casualty premiums pursuant to the limited agreement between Machias and the Debtor described at the hearing on the Motion in the amount of $3,416.67, and (b) necessary premiums to bind a policy of liability insurance not to exceed $3,500.00, and (c) any administrative fee necessary to open debtor in possession bank accounts in accordance with the United States Trustee's Operating Guidelines up to 100.00.

6. The provisions of this Interim Order shall be binding upon the Debtor and its respective successors and/or assigns.

7. Pursuant to 11 U.S.C. 364(e), and except as otherwise provided herein, in the event that any or all of the provisions of this Interim Order are terminated, modified, vacated or stayed after the date hereof, the validity of the indebtedness described in the Motion and in this Interim Order shall be unaffected, as the lenders have/will have extended such credit in good faith.

8. A final hearing on the Motion (the "Final Hearing") shall be held at **10:00 a.m**. on **February 18, 2010**, at the **Kennebec County Courthouse, 95 State Street, Augusta, Maine**.

9. Notwithstanding anything to the contrary herein contained, the rights and claims of any and all parties in interest in this case to argue (a) that the funds covered by the Motion should be classified as an equity contribution rather than a loan and that, as a result, the parties providing the funds are not entitled to an administrative expense claim with respect to such funds, and/or (b) that the secured creditors of the Debtor, or parties other than the Debtor, should be responsible for payment of the expenses to be paid with, or repayment of, the funds covered

by the Motion pursuant to, <u>inter alia</u>, 11 U.S.C. §506, are hereby expressly reserved and preserved for the Final Hearing.

10. Promptly after the entry of this Interim Order, the Debtor shall mail a copy of this Interim Order and a notice of final hearing on the Motion to (a) all parties who have filed a Notice of Appearance in the case, including the Office of the United States Trustee, (b) all creditors who, according to the books and records of the Debtor may claim a security interest in the Debtor's assets, and (c) creditors listed on the List of 20 Largest Unsecured Creditors filed by the Debtor with the Debtor's petition, by first class U.S. Mail.

Dated at Bangor, Maine this 29th day of January, 2010.

_____
Hon. Louis H. Kornreich
Chief U.S. Bankruptcy Judge