UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:                              )
                                    )
TARDY-CONNORS GROUP, LLC,           )    Case No. 10-10060
                                    )           Chapter 11
          Debtor                    )
_____)
                                    )
MACHIAS SAVINGS BANK,               )
                                    )
          Petitioner                )
                                    )
     vs.                            )
                                    )
TARDY-CONNORS GROUP, LLC,           )
Debtor,                             )
                                    )
          Respondents               )

## MOTION FOR RELIEF FROM STAY

Petitioner Machias Savings Bank ("MSB") appears through its attorney, Michael S. Haenn, Esq., and states as follows:

1.  MSB is a Maine corporation with a place of business in Machias, Maine.

2.  Respondent/debtor Tardy-Connors Group, LLC filed a petition for relief under Chapter 11 of Title 11 of the United States Code on January 21, 2010.

4.  This Court has jurisdiction of this contested matter, filed by MSB pursuant to 11 U.S.C. § 362(d), Fed.R.Bankr.P. 4001,9014, D.Me.LBR 4001-1, by virtue of 28 U.S.C. § 157(d).

## CLAIMS

5.  On September 21, 2007 the Debtor executed and delivered a commercial promissory note to MSB in the original principal

1

amount of $665,000.00 ("the 665K Note"), pursuant to the terms of which the Debtor agreed to pay said amount, together with interest, on certain payment terms as therein described. Annexed hereto as Exhibit A is a true and accurate copy of the 665K Note, all of the terms of which are incorporated herein by reference.

6. As of January 21, 2010 the amount due to MSB according to the terms of the 665K Note, included the following sums:

```
principal:              $660,417.55
accrued interest:         50,219.25
accrued late charges:      9,317.12
pre-payment penalties:    19,812.54
auctioneer fees, costs:   39,663.78
legal fees, costs:         4,334.03
     Total:             $783,764.27

per diem interest rate: $229.31
```

7. As of January 21, 2010 the Debtor was in arrears in its post-petition payment obligations to MSB pursuant to the 665K Note in the aggregate amount of $17,469.66, and reflecting installments for the months of February, 2010 through April, 2010.

8. As of April 22, 2010 the amount due to MSB according to the terms of the 665K Note, included the following sums:

```
principal:              $660,417.55
accrued interest:         71,086.60
accrued late charges:      9,317.12
pre-payment penalties:    19,812.54
auctioneer fees, costs:   39,663.78
legal fees, costs:         7,494.62
     Total:             $807,792.21

per diem interest rate: $229.31
```

9. On September 21, 2007 the Debtor executed and delivered

a commercial promissory note to MSB in the original principal amount of $100,000.00 ("the 100K Note"), pursuant to the terms of which the Debtor agreed to pay said amount, together with interest, on certain payment terms as therein described. Annexed hereto as Exhibit B is a true and accurate copy of the 100K Note, all of the terms of which are incorporated herein by reference.

10. The terms of the 100K Note were amended by an instrument executed by the Debtor dated August 21, 2008, and a true and accurate copy of which is annexed hereto to Exhibit B.

11. As of January 21, 2010 the amount due to MSB according to the terms of the 100K Note, included the following sums:

```
principal:              $250,017.59
accrued interest:         12,329.74
accrued late charges:      2,097.38
    Total:              $264,444.71
```

per diem interest rate: $50.35

12. As of January 21, 2010 the Debtor was in arrears in its post-petition payment obligations to MSB pursuant to the 100K Note in the aggregate amount of $4,828.63, and reflecting installments for the months of February through April, 2010.

13. As of April 22, 2010 the amount due to the Bank according to the terms of the 100K Note, included the following sums:

```
principal:              $250,017.59
accrued interest:         16,911.66
accrued late charges:      2,550.52
    Total:              $269,479.77
```

per diem interest rate: $50.35

14.  On September 21, 2007 the Debtor executed and delivered a mortgage deed to MSB ("the Mortgage"), said deed granting a mortgage interest to MSB in certain property situated generally at 123 Chapin Avenue in Monson, Maine ("the Realty").  Annexed hereto as Exhibit C is a true and accurate copy of the Mortgage, all of the terms of which are incorporated herein by reference.

15.  The Mortgage is recorded in the Piscataquis Registry of Deeds in Vol. 1872, Page 241.

16.  On September 21, 2007 the Debtor executed and delivered a security agreement to MSB ("the Agreement"), said instrument granting a security interest to MSB in all business assets of the Debtor and including but not limited to all machinery, equipment, furniture, fixtures, inventory, receivables, and general intangibles (collectively "the Business Assets").  Annexed hereto as Exhibit D is a true and accurate copy of the Agreement, all of the terms of which are incorporated herein by reference.

17.  MSB perfected its security interest in the Business Assets by financing statements filed with the Maine Secretary of State at file no. 2070001881024-43, and in the Piscataquis Registry of Deeds at Vol. 1872, Page 259.  Annexed hereto as Exhibit E is a true and accurate copy of each of the said financing statements.

18.  The interests of MSB in both the Realty and the Business Assets, all granted to MSB to secure the 665K Note and

the 100K Note, are valid, perfected, and enforceable liens, superior to the rights and interests of all persons.

19.  Prior to the commencement of this case MSB had engaged an auctioneer to conduct a public sale of both the Realty and the Business Assets.  The sale was to have occurred on the same date as this case was commenced.

20.  The Debtor is not operating, and has not been in operation for a matter of at least eight months.

21.  The Debtor has no prospect of a reorganization.

22.  Both the Realty and the Business Assets are subject to millions of dollars in additional liens, including federal and state tax liens as well as accruing and unsatisfied property tax liens.

23.  The Debtor had failed to insure the Realty and the Business Assets for a lengthy period of time prior to the commencement of this case.  The current policy of insurance was one placed for the benefit of MSB alone, and yields no protection or benefits to the estate.  Additionally, the limited source of funding to satisfy the monthly premium for the forced place insurance has been exhausted.

24.  No adequate protection payments or collateral of any kind or nature has been provided or made by the Debtor.

25.  Good cause exists for the requested relief in that:

(a)  the Debtor cannot reorganize.  Its current debt structure, even as adjusted in a manner permitted by the

Bankruptcy Code, is overwhelming.

(b)  MSB has inadequate protection of its interests in the Property and the Business Assets.

(c)  but for the property insurance which MSB itself maintains, the Realty and the Business Assets would be uninsured.

(d) the Debtor has no liability insurance coverage.

(e) priority liens accrue as against the MSB collateral at a staggering rate and for which the Debtor cannot and has not offered any means of redress to MSB.

26.  The position of Debtor's counsel to this motion is unknown to counsel for MSB although an inquiry has been made. However, the Debtor is likely to object to the requested relief.

WHEREFORE, Machias Savings Bank moves this Court to enter an order pursuant to 11 U.S.C. § 362(d):

A.  Modifying the automatic stay provisions of 11 U.S.C. § 362(a) to permit MSB to proceed to enforce the loan documents and claims and as against the Realty and the Business Assets, all in accordance with applicable state law.

B.  Modifying the automatic stay provisions of 11 U.S.C. § 362(a) to permit MSB to obtain exclusive possession of the Realty and the Business Assets and to sell the same in accordance with applicable state law.

C.  Granting such other and further relief as this Court deems just and proper.

Dated at Bangor, Maine this 23rd day of April, 2010.

 /s/ Michael S. Haenn
Michael S. Haenn, Esq.
mhaenn@haennlaw.com


 /s/ Amy A. Burke
Amy A. Burke, Esq.
aburke@haennlaw.com


88 Hammond Street
P. O. Box 915
Bangor, Maine  04402-0915
207-990-4905
Attorneys for
Machias Savings Bank